Wanamaker, J.
The sole, single question here is whether or not, when the plaintiff Wilcox elected to pay, not in cash, but in ten annual installments, in the total-amount of $1,300, as finally determined by the court of appeals, he was chargeable with interest in accordance with the original ordinance, and also the judgment and finding of the court of appeals.
*269 The whole question of municipal improvements and assessments is declared and defined by the statutes. Section 3815, General Code, so far as pertinent reads:
“Such resolution shall determine the general nature of the improvement. * * * In such resolution council shall also determine the method of the assessment, the mode of payment, and whether or not bonds shall be issued in anticipation of the collection thereof. Assessments for any improvement may be payable in one to twenty installments, at such time as council prescribes.”
It would seem quite clear from the foregoing language of Section 3815 that when council is given power to “determine the method of the assessment and the mode of payment,” it has fully complied therewith when it provides by ordinance, as appears from the record, to give the parties assessed the right to pay in cash within twenty days, without interest, or to pay in ten annual installments, with interest upon the deferred payments at the same rate as the amount paid on the bonds.
No question about the right of council to make the assessments due and payable in one payment can be raised. The statute authorizes the council so to do. If that be within its power, it is difficult to understand why the giving of an option to the owner of the property in question to pay the assessment in ten annual installments, at. the same rate of interest as is payable on the bonds, purely as a favor to him, should invalidate such assessment to the extent of the interest charge. If the lot owner has not the money to pay in cash within the twenty *270 days he may borrow such sum, for which he doubtless would have to pay an interest rate at least equal to the interest rate fixed in the bond. And yet if council should make the assessment payable in one lump sum it would clearly be within its rights and powers, and the lot owner could not complain. It is difficult to understand how there could be any distinction between an interest rate under such circumstances, and an interest rate where the assessment is payable in installments.
It is all left to the owner’s option, whether he prefers time with interest or cash without interest. The assessment of cash without interest is made by the village. The ten-installment assessment with interest is made by the owner; that is, he elects so to pay. For the favor of the time he assumes the burden of interest as fixed in the ordinance. He cannot complain at his own election, since, had he so desired, he might have paid the whole assessment in a lump sum within the statutory limitation of' 33 1-3 per cent.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Jones and Matthias, JJ., concur.